

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Woodrow Curtis
County Attorney
Frio County
Pearsall, Texas

Dear Sir:

Opinion No. 0-2095
Re: Where the district clerk records
the officer's return in his
clerk's file docket, is the
clerk allowed to charge as
costs for clerk's fee, a fee
for recording the officer's re-
turn in his file docket?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

Article 1973, Vernon's Annotated Civil Statutes
reads as follows:

"Each clerk shall keep a file docket
which shall show in convenient form the number
of the suit, the names of the attorneys, the
names of the parties to the suit, and the object
thereof, and, in brief form, the officer's re-
turn on the process, and all subsequent proceed-
ings had in the case with the dates thereof."

Article 1899, Vernon's Annotated Civil Statutes,
provides that :

"Such clerks shall keep a fair record of
all the acts done, and proceedings had, in their
respective courts; enter all judgments of the
court, under direction of the judge, and keep a
record of all executions issued and the returns
thereon, in record books to be kept for the pur-
pose."

Article 3927, Vernon's Annotated Civil Statutes,
reads, in part, as follows:

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Woodrow Curtis, Page 2

"The clerks of the district courts shall receive the following fees in civil cases for their services:

"* * *

"Recording returns of any writ, where such return is required by law to be recorded, including the return on all writs, except subpoenas . . . . . . . . . . . . . . . . . . . . . . .50

"* * *"

We quote from Tex. Jur. Vol. 34, p. 508, as follows:

"Statutes prescribing fees for public offices are strictly construed; and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary, and the other not, the latter construction should be adopted * * *"

An officer may be required by law to perform specific services or discharge additional duties for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office and the officer by his acceptance thereof is deemed to have engaged to perform them without compensation. Terrell v. King, 14 S. W. (2d) 786; Burk v. Bexar County, 271 S. W. 132; McCalla v. City of Rockdale, 246 S. W. 654.

Article 3927, supra, provides that the clerks of the district court shall receive fifty (50¢) cents for recording the returns of any writ, where such return is required by law to be recorded, including the return on all writs except subpoenaes. This statute does not provide a fee for stating the officer's return on process, in brief form, in the clerk's file docket.

Article 1975, supra, does not require the recording the officer's return on process but merely requires that a notation of said return be briefly stated on the clerk's file docket.

Honorable Woodrow Curtis, Page 3

The case of Texas M. R. Railway v. Parker, 66 S.W. 583, holds among other things, that under a statute allowing fees for the recording of returns on any writ when such return is required by law to be recorded, the clerk may not charge a fee for recording the return on a citation, there being no law which requires return of citation to be recorded.

In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that the clerks of the district courts have no legal authority to charge and collect a recording fee for the officer's return on process where such return is shown in "brief form" on the clerk's file docket; a mere notation on the clerk's file docket showing the officer's return on process does not entitle the clerk to any recording fee. Therefore, your question is respectfully answered in the negative.

You are further advised that such clerks are entitled to a fifty (50¢) cent fee for recording the returns of any writ, where such return is required by law to be recorded, and such returns are actually recorded.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:RS

APPROVED APR 27, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN